# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VICKI MARSH,

    Plaintiff,

v.                                                        Case No. 11-11462

GENETECH INC. and XOMA LLC,

    Defendants.
                                                               /

### ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER, DENYING IN PART DEFENDANTS' MOTION TO DISMISS, TERMINATING DEFENDANTS' MOTION TO REASSIGN CASE AS MOOT, AND TRANSFERRING THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Vicki Marsh initiated this action on April 6, 2011, asserting subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. On April 15, 2011, the court ordered Plaintiff to show cause why the case should not be transferred to a district in which venue is proper. Plaintiff responded on April 21, 2011, and moved to transfer the case to the U.S. District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a). Immediately thereafter, Defendants notified the court of their intent to oppose transfer, and a conference was held by telephone on April 26, 2011. Defendants moved to dismiss the case on May 4, 2011. Plaintiff responded on May 25, 2011, and Defendants replied on June 13, 2011. Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant Plaintiff's motion to transfer.

During the pendency of these motions, Defendants filed a motion to reassign two other cases filed within the Eastern District of Michigan that were factually similar and in which substantively identical motions to transfer and motions to dismiss had been filed. Defendants moved to reassign these cases to the undersigned judge pursuant to Local Rule 83.11. E.D. Mich. LR 83.11(b). Regarding the above-captioned case, this motion is moot, as it requests the case be reassigned to the undersigned judge. Therefore, the court will terminate as moot Defendants' motion to reassign the case.

With respect to the motions regarding dismissal or transfer, the court finds that transfer is appropriate in these circumstances, pursuant to 28 U.S.C. § 1406. The parties agree that the Eastern District of Michigan is an improper venue. Although Plaintiff's response asserts that venue may have been proper in this district based upon "national" activities of Defendants, there is no indication of any significant events occurring within this district. Furthermore, Plaintiff's motion to transfer the case admits that it should not have been filed in this district. (Pl. Mot. at 1.) The disagreement between the parties concerns only the appropriate remedy. Defendant moves for dismissal based upon the obviousness of Plaintiff's error. Plaintiff instead points to the prejudice she might suffer because of the running of the statute of limitations should the case be dismissed.

Cases misfiled in an improper venue may be dismissed or transferred under § 1406, which states that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This section "confer[s] broad discretion in ruling on a motion to

transfer." *Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009).  Whether to exercise such discretionary power to transfer must be decided by consideration of "the interest of justice."  28 U.S.C. § 1406(a).  In finding that it is in the interest of justice to transfer the instant case, the court is guided by policy "of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds.  *Flynn v. Greg Anthony Constr. Co.*, Inc., 95 F. App'x 726, 741 (6th Cir. 2003) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)).  Additionally, "the reasons for transferring a case to a proper forum rather than dismissing 'are especially compelling if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits.'" *Jackson v. L & F Martin Landscape*, Case No. 08-3904, 2009 WL 1935931, *3 (6th Cir. 2009) (citing 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827, 587 (3d. ed. 2007)).  As Plaintiff has indicated that her claims may be barred by the running of the statute of limitations if the case is dismissed, this consideration further informs the court's decision.  It is in the interest of justice that Plaintiff's case be decided on its merits, and Defendants do not contend that they will suffer any prejudice from the transfer.  Finally, this court does not address Defendants' motion to dismiss to the extent that it seeks dismissal with prejudice under Michigan product liability law.  Accordingly,

    IT IS ORDERED that Plaintiff's motion to transfer venue [Dkt. # 6] is GRANTED.

    IT IS FURTHER ORDERED that Defendants' motion to dismiss [Dkt. # 13] is DENIED IN PART in that the court will transfer the case in the interest of justice, rather

than dismiss it for improper venue. This court does not address Defendants' remaining grounds for dismissal.

IT IS FURTHER ORDERED that Defendant's motion to reassign case [Dkt. # 16] is TERMINATED AS MOOT.

Finally, IT IS ORDERED that the Clerk of the Court is DIRECTED to transfer the above-captioned matter to the United States District Court for the Western District of Michigan, Southern Division.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2011, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522